IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PATRICIA STAGGS and spouse <br> CHARLES STAGGS, <br><br> Plaintiffs, <br><br> v. <br><br> PANDA EXPRESS, INC, PANDA <br> RESTAURANT GROUP, INC., <br> and RB RIVERGATE, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. _____ <br> ) <br> ) <br> ) JURY DEMAND <br> ) <br> ) <br> ) |

## COMPLAINT

Come now Plaintiffs, by and through undersigned counsel, and would respectfully submit to the Court the following Complaint:

1. Plaintiffs Patricia Staggs and her spouse Charles Staggs are residents of the State of Tennessee, residing in Davidson County.

2. Defendant Panda Express, Inc. is a foreign, for-profit corporation doing business in Davidson County, Tennessee, with its principal address at 1683 Walnut Avenue, Rosemead, CA 91770-3711 and a business location at 2155 Gallatin Pike N, Madison, TN 37115. Defendant Panda Express, Inc. may be served through its registered agent for service of process, CT Corporation System, 300 Montvue Rd, Knoxville, TN 37919.

3. Defendant Panda Restaurant Group, Inc. is a foreign, for-profit corporation doing business in Davidson County, Tennessee, with its principal address at 1683 Walnut Avenue, Rosemead, CA 91770-3711 and a business location at 2155 Gallatin Pike N, Madison, TN 37115. Defendant Panda Express, Inc. may be served

1

through its registered agent for service of process, CT Corporation System, 300 Montvue Rd, Knoxville, TN 37919.

4. Defendant RB Rivergate, LLC is a domestic limited liability company doing business in Davidson County, Tennessee, with its principal address at 810 7th Avenue, Floor 10, New York, NY 10019-5887. Defendant RB Rivergate, LLC may be served through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

5. This Complaint concerns an incident on May 25, 2023, in which Plaintiff Patricia Staggs fell and was injured on the Defendants' premises at the Panda Express restaurant located at 2155 Gallatin Pike N, Madison, TN 37115 in Davidson County, Tennessee.

6. The amount in controversy is a fair, just, and equitable amount to be decided by the trier of fact after hearing all of the evidence at trial. Pursuant to Tenn. R. Civ. P. 8.01 and 15.02, the amount awarded by the trier of fact shall not exceed $250,000.00 for compensatory damages and $250,000.00 for punitive damages to Plaintiff Patricia Staggs, nor shall the amount awarded by the trier of fact exceed $75,000.00 for loss of consortium to Plaintiff Charles Staggs.

7. On or about May 25, 2023, Plaintiff Patricia Staggs was caused to trip and fall in a hole located directly in front of the front doors of the Defendant(s)' premises.

8. The hole in the walkway/parking lot represented an unreasonably dangerous hazard which the Defendant(s) failed to prevent, repair, correct, warn about, or otherwise make safe to customers and other invitees on the premises.

9. Defendant(s) were negligent in that they knew or should have known that the hole in the walkway/parking lot was in need of maintenance and created an unreasonably dangerous hazard on the premises. The Defendant(s) failed to take the necessary steps to correct the unreasonably dangerous condition.

10. Defendant(s) were negligent, reckless, acted in such a way that was grossly negligent, and/or showed a wanton disregard to the duties owed to and for the safety of Plaintiffs in that they failed to reasonably, properly, and timely inspect the premises to discover said unreasonably dangerous condition and failed to correct it in a timely manner.

11. Through the exercise of ordinary care, Defendant(s) knew or should have known of the unsafe condition of the hole in front of the walkway/parking lot and should have corrected the condition before Plaintiff Patricia Staggs's injury, and the condition existed long enough that the Defendant(s), using ordinary care, should have discovered and corrected the unsafe condition even if it/they did not have actual knowledge.

12. Defendant(s) were negligent, grossly negligent, reckless, and acted with wanton disregard in that they failed to notify, caution, or warn Plaintiff Patricia Staggs of the unreasonably dangerous condition existing on the premises.

13. Defendant(s) were negligent, grossly negligent, reckless, and showed a wanton disregard to the Plaintiffs in that they failed to supervise and train its employees adequately to notice, identify, recognize, correct, inspect, or properly warn customers of the unreasonably dangerous hazard.

14. As a result of her fall, which was caused by the Defendants' negligence, gross negligence, recklessness, and wanton disregard, Plaintiff Patricia Staggs sustained serious bodily injuries.

15. The negligence, gross negligence, recklessness, and wanton disregard of the Defendant(s) as set out above was the sole proximate cause of the personal injuries suffered by the Plaintiff Patricia Staggs.

16. As a proximate result of the Defendants' negligence, gross negligence, recklessness, and wanton disregard, Plaintiff Patricia Staggs received medical examination, evaluations, and treatment for injuries caused by the Defendant(s). Such injuries have greatly hindered the life of the Plaintiffs.

17. As a direct and proximate result of one or more acts of negligence, gross negligence, recklessness, and wanton disregard of the Defendant(s), Plaintiff Patricia Staggs suffered and continues to suffer injuries and damages as follows: past and future pain and suffering, past and future medical expenses, past and future lost wages and lost earning capacity, permanent impairment, disfigurement, lost enjoyment of life, and loss of enjoyment of certain employment, social and recreational activities.

18. Plaintiff Charles Staggs alleges that as a direct and proximate result of the Defendants' negligence, gross negligence, recklessness, and wanton disregard, the Plaintiff Charles Staggs suffered a loss of the companionship, society, and affection usually enjoyed in the marital relationship, thus resulting in a loss of consortium.

19. As a result of the injuries suffered by the Plaintiffs, the Defendant(s) are liable to the Plaintiffs for the aforementioned losses.

20. As a result of the injuries suffered and damages incurred by the Plaintiffs, the Defendants are liable to the Plaintiffs for the aforementioned losses.

**PREMISES CONSIDERED, THE PLAINTIFFS PRAY:**

1. That process issue and the Defendant(s) be required to respond under the Tennessee Rules of Civil Procedure.

2. That the Plaintiffs be awarded a sum to be proven at the time of trial for damages caused by the Defendant(s), but not to exceed $250,000.00 in compensatory damages for Patricia Staggs, $250,000.00 in punitive damages for Patricia Staggs, and $75,000.00 in compensatory damages for Charles Staggs.

3. That the cost of this action be taxed to the Defendant(s).

4. For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

Respectfully submitted,

*/s/ Michael K. Parsley*

MICHAEL K. PARSLEY, BPR #023817
PONCE LAW, PC
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776
mparsley@poncelaw.com