IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **PATRICIA STAGGS** *et al.* ) | |
| ) | Case No. 3:24-cv-00010 |
| v. ) | Chief Judge Campbell |
| ) | Magistrate Judge Holmes |
| **PANDA EXPRESS, INC.** *et al.* ) | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant RB Rivergate, LLC's motion to amend its answer to assert crossclaims against Defendant Panda Express (Docket No. 24) to which Plaintiffs filed a response of no opposition (Docket No. 26) and to which Defendant Panda Express filed a response in opposition (Docket No. 27). For the reasons detailed below, Defendant RB Rivergate's motion (Docket No. 24) is **GRANTED**.

**I.     BACKGROUND**

Familiarity with this case is presumed. The underlying facts and procedural background are therefore recited only as necessary to give context to or explanation for the Court's ruling.

Plaintiffs' complaint against RB Rivergate and Panda Express[1] alleges damages for injuries sustained after Plaintiff Patricia Staggs "was caused to trip and fall in a hole located directly in front of the front doors of Defendant(s)' premises." (Docket No. 1-1 at ¶ 7.) Plaintiffs allege that the hole "represented an unreasonably dangerous hazard" that the Defendants "failed to prevent, repair, correct, warn about, or otherwise make safe to customers and other invitees on the premises." (*Id.*) They also assert that the Defendants' "negligence, gross negligence, recklessness, and wanton disregard" was the "sole proximate cause" of their injuries. (*Id.* at ¶ 15.)

---

[1] Plaintiffs also named Panda Restaurant Group, Inc. as a defendant, but Panda Restaurant Group was dismissed on the parties' joint motion. (Docket No. 32.)

The complaint was initially filed in the Circuit Court for Davidson County, Tennessee on November 29, 2023, but was removed to this Court on January 4, 2024. (Docket No. 1.) The initial case management conference was held on March 18, 2024. (Docket No. 17 at 1.) An initial case management order was entered on March 20, 2024, which, among other things, set a deadline of June 3, 2024 for filing motions for leave to amend pleadings. (*Id.* at ¶ H.)

On May 31, 2024, RB Rivergate filed the instant motion, which requests leave to amend its answer to add crossclaims against Panda Express for breach of contract and contractual indemnification arising out of a lease agreement between the parties. (Docket No. 24.) Plaintiffs do not oppose the amendment (Docket No. 26), but Panda Express does (Docket No. 27).

In its opposition, Panda Express states that, prior to filing its motion, RB Rivergate had not tendered its defense of this litigation to Panda Express or otherwise requested indemnification despite being a named defendant in this litigation since its inception. (*Id.* at 1.) Panda Express asserts that, although RB Rivergate did notify Plaintiffs and Panda Express of its intent to seek leave to assert crossclaims, RB Rivergate did not provide a copy of the proposed crossclaims and then hurriedly filed its motion before Panda Express could consider it. (*Id.* at 1–2.) RB Rivergate allegedly sent a tender letter to Panda Express after filing the pending motion. (*Id.* at 2.) Panda Express asserts that, although RB Rivergate filed it motion prior to the deadline, it is nevertheless "dilatory, prejudicial, and unusual to file a legal action for contractual indemnification and breach of contract without any prior notice and opportunity to cure." (*Id.* at 5.)

Panda Express asks the Court to either deny the motion or to hold in abeyance a ruling on the motion pending the parties' completion of mediation. (*Id.*) By prior order, the Court conditionally granted the latter request and stated that it would not act on the pending motion until the parties mediated. (Docket No. 29.) The Court ordered the parties to file a joint notice of

mediation details by July 10, 2024. (*Id.*) In that notice, Plaintiffs and Panda Express stated that they would mediate the case on August 7, 2024, but RB Rivergate "respectfully decline[d] to participate in mediation at this stage given the absence of information and documentation critical to a full and proper assessment of Plaintiffs' claims." (Docket No. 30.) In response, the Court entered an order that set a telephonic case management conference for July 22, 2024 to discuss the obstacles to mediation and that reminded RB Rivergate that the Court could order it to participate in mediation. (Docket No. 31.) During the case management conference, the parties informed the Court that the obstacles to mediation had been resolved. (Docket No. 33.) The parties participated in mediation on August 7, 2024, but the case did not settle. (Docket No. 34.) Because mediation has concluded, the Court will now address the merits of RB Rivergate's motion.

## II. LEGAL STANDARD

As a preliminary matter, the Court addresses the authority of a magistrate judge to rule on a motion for leave to amend. Although the Sixth Circuit has not directly addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g.*, *Gentry v. The Tennessee Bd. of Jud. Conduct*, No. 3:17-cv-00020, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, Case No. 3:02-cv-512, 2017 WL 1177610, at *2 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, No. 12-cv-12751, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Ins. Co.*, No. 3:12-CV-373, 2014 WL 2177799, at *1–2 (E.D. Tenn. May 23,

3

2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, No. 3:06-cr-062, 3:12-cv-302, 2013 WL 5820251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive). *See also Elliott v. First Fed. Comm. Bank of Bucyrus*, 821 F. App'x 406, 412–13 (6th Cir. 2020) (referring generally to motion for leave to amend as non-dispositive motion). The Court therefore proceeds with disposition of the motion to amend by order.

The Court's consideration of the pending motion is governed by Rule 15, which states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate follows the principle that a party's claims ought to be decided on the merits "rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)) (cleaned up). Sixth Circuit precedent clearly "manifests liberality in allowing amendments to a [pleading]." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)) (cleaned up). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, "the leave should, as the rules require, be freely given." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (cleaned up). Granting permission to amend a pleading is within the district court's sound discretion. *Moore*, 790 F.2d at 559. For the reasons discussed below, the Court finds that Rule 15's liberal standard of allowing amendments is not overcome by any other considerations under the circumstances of this case, including delay.

## III. ANALYSIS

Panda Express contends that the amendment should be denied because RB Rivergate has been a co-defendant in this litigation since its inception and should have asserted its crossclaims at an earlier point in time. (Docket No. 27.) In other words, Panda Express argues that the motion was delayed. However, Panda Express concedes that RB Rivergate filed its motion prior to the deadline and that the motion is timely. (*Id.* at 5.) On a similar note, Panda Express expresses concern that RB Rivergate may not have provided it with an opportunity to cure under the applicable lease agreement. (*Id.*) However, the Court's grant of this motion should not impact the parties' ability to address and resolve any cure-related issues. If the parties are able to cure or otherwise address those issues to their satisfaction, RB Rivergate, as cross-plaintiff, may dismiss its crossclaims against Panda Express. *See* Fed. R. Civ. P. 41(c). Panda Express makes no other substantive arguments in opposition to the motion.

The Court finds no other apparent reasons to deny the motion for leave to amend under Rule 15(a)(2). Specifically, the Court does not find that RB Rivergate has made repeated prior efforts to cure deficiencies or that there will be any resulting prejudice to Panda Express. When considering the issue of prejudice, a court must ask whether allowing the amendment would "require the opponent to expend *significant* additional resources to conduct discovery or prepare for trial" or cause *considerable* delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (emphasis added) (citations omitted); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (delay and increased costs from having to litigate a dispute are not sufficient prejudice). Panda Express makes no such argument about prejudice and the Court finds no such circumstances here. In addition, the Court finds no bad faith by RB Rivergate in moving to amend.

Finally, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnson*, 413 F. App'x 804, 819 (6th Cir. 2011). There being no compelling reasons to deny the motion for leave to amend under Rule 15(a)(2), the Court will allow the amendment.

## IV. CONCLUSION

For all these reasons, Defendant RB Rivergate, LLC's motion to amend its answer (Docket No. 24) is **GRANTED**. The Clerk is **DIRECTED** to separately file the amended answer and accompanying exhibit, which are presently found at Docket No. 24-1.

Further, Defendant Panda Express shall answer or otherwise respond to the crossclaims included in the amended answer as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge